

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

PAUL BLAKESLEE,

Plaintiff(s),

vs.

SHAW INFRASTRUCTURE, INC.,

Defendant(s).

CASE NO. 3AN-09- _1O472_ CI

## SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: Shaw Infrastructure, Inc. c/o CT Corporation System

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 825 W. 4th Avenue, Room 118, Anchorage, AK 99501 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
Plaintiff's attorney or plaintiff (if unrepresented): Howard S. Trickey & Matthew Singer
Address: Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300, Anchorage, AK 99503

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge _Torrisi_.

(SEAL)

_9-25-09_
Date

CLERK OF COURT
By: _[signature]_
Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

Attachment A
Page 01

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| PAUL BLAKESLEE, ) | |
| ) | **COPY** |
| Plaintiff, ) | Original Received |
| ) | SEP 25 2009 |
| vs. ) | |
| ) | Clerk of the Trial Courts |
| SHAW INFRASTRUCTURE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. 3AN-09-_____ Civil |

## COMPLAINT

Plaintiff Paul Blakeslee, by and through his undersigned attorneys, for his Complaint against Shaw Infrastructure, Inc. does allege as follows:

### PARTIES

1. Paul Blakeslee is a resident of Anchorage, Alaska and, up until he was wrongfully terminated on September 1, 2008, Mr. Blakeslee was employed by Shaw Infrastructure, Inc. to perform work on military installations located in Anchorage, Alaska.

2. Shaw Infrastructure, Inc. ("Shaw") is a Louisiana corporation that provides contract services to the United States military at installations located within the State of Alaska.

### JURISDICTION AND VENUE

3. Because the amount in controversy exceeds $100,000, this court has subject matter jurisdiction pursuant to AS 22.10.020.

4. Venue is proper in this court because the facts and circumstances that give rise to this action arose in the Third Judicial District at Anchorage. AS 22.10.030 and Alaska Civil Rule 3.

5. Shaw Infrastructure, Inc. is subject to personal jurisdiction in this court because it performed the unlawful conducted complained of within the Third Judicial District at Anchorage and it engages in business within the State of Alaska.

## FACTUAL ALLEGATIONS

6. Mr. Blakeslee's employment with Shaw began in June 2003.

7. For five and a half years, Mr. Blakeslee successfully managed a workforce consisting of approximately 40 employees.

8. Mr. Blakeslee maintained an outstanding reputation among his subordinates, co-workers and government contract administrators. Mr. Blakeslee earned exemplary job performance reviews each year, including a certificate of appreciation for five years of service to Shaw. Mr. Blakeslee consistently received a "4" ranking in all performance criteria in every performance review. According to Shaw's employee performance rubric, a "4" rating places Mr. Blakeslee in the top 15% of all Shaw employees.

9. On Friday, September 5, 2008, employee Bea Campbell, work control clerk and one of Mr. Blakeslee's subordinates, came to Mr. Blakeslee's office complaining about Project Manager Richard Lantz, and Site Manager of Shaw's Fort Richardson office, Thomas Stockmaul. Mr. Blakeslee informed Ms. Campbell that he intended to

COMPLAINT
*BLAKESLEE V. SHAW INFRASTRUCTURE, INC.*
CASE NO. 3-AN-09-_____ CIVIL

PAGE 2 OF 7

Attachment A
Page 03

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 3 of 16

write a letter to Shaw to inform Shaw of Mr. Lantz's fraudulent activities against Shaw and the federal government, and of Mr. Stockmaul's abysmal record as a supervisor and manager.

10. On Monday, September 8, 2008 at 8:30AM, Mr. Stockmaul called Mr. Blakeslee to a meeting in Mr. Lantz's office. Mr. Lantz asked Mr. Blakeslee what his intentions were about his job. Mr. Lantz made a direct statement about Mr. Blakeslee's age, indicating that Mr. Blakeslee "might want to go out in a blaze of glory." Mr. Blakeslee informed Mr. Lantz that he had no intention of resigning. Mr. Lantz then indicated they were considering eliminating Mr. Blakeslee's position. Lantz and Stockmaul also made false accusations about Mr. Blakeslee's attendance, which Mr. Blakeslee denied, and the meeting ended.

11. When Mr. Blakeslee informed Mr. Lantz that he had no intention of retiring, Mr. Lantz threatened to eliminate his job.

12. On September 19, 2008, Mr. Blakeslee sent Shaw a letter outlining the fraudulent practices by Shaw employee Richard Lantz and the incompetent and unlawful managerial style of employee Thomas Stockmaul.

13. Mr. Blakeslee's letter indicated that Mr. Lantz was in business with two other individuals, Steven Helstrom and Alvin Whitney, to form American Leasing, LLC in Fairbanks, Alaska. American Leasing's practice was to buy equipment, and then lease that equipment back to Shaw at rates much higher than the going market rate. Shaw would then submit invoices to the U.S. Government for reimbursement for the leased

COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-_____ CIVIL

PAGE 3 OF 7

Attachment A
Page 04

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 4 of 16

JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

equipment. Mr. Blakeslee outlined an example of this practice when American Leasing leased a vacuum truck to Shaw for $9,000 a month. This rate is several magnitudes higher than the market rate for such a truck. Additionally, all necessary maintenance and repairs for leased equipment were to be performed by the leasing company. As Mr. Blakeslee's letter indicated, Shaw paid expenses in clear violation of Shaw policies.

14. In the same letter Mr. Blakeslee also outlined the poor management style and unlawful conduct of Thomas Stockmaul. Examples included: Inappropriate sexual remarks and innuendo about a pregnant employee in front of her fellow co-workers that was tantamount to sexual harassment; preferential treatment of co-workers by Mr. Stockmaul; and the constant barrage of humiliating, insulting and discriminatory remarks by Mr. Stockmaul directed toward his co-workers and subordinates, rising to the level of a hostile work environment.

15. Rather than investigate these serious infractions identified by Mr. Blakeslee, Shaw Infrastructure, Inc. retaliated against him by wrongfully terminating him.

16. On the morning of October 6, 2008, Mr. Lantz and Mr. Stockmaul informed Mr. Blakeslee that his position had been eliminated. Mr. Blakeslee was asked to pack his personal things and leave that day.

## COUNT I
## WRONGFUL TERMINATION IN VIOLATION OF AS 18.80.220

17. This complaint incorporates by reference all preceding paragraphs.

COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-_____ CIVIL

PAGE 4 OF 7

Attachment A
Page 05

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 5 of 16

18. Mr. Blakeslee was an exemplary employee and was, at all times relevant, more than 40 years old.

19. Shaw discriminated against Mr. Blakeslee and ultimately terminated him because of his age.

20. Shaw's wrongful termination violated AS 18.20.220(a)(1) and caused Mr. Blakeslee to suffer damages in excess of $100,000, the precise amount to be proved at trial.

21. Shaw also terminated Mr. Blakeslee after he reported conduct that is prohibited by AS 18.80.200–.280, and such retaliatory discharge violates AS 18.20.220(a)(4).

22. Mr. Blakeslee is entitled to all relief afforded by Alaska law.

## COUNT II
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

23. This complaint incorporates by reference all preceding paragraphs.

24. Shaw's actions including retaliating against Mr. Blakeslee for reporting and/or opposing unlawful conduct, as well as the other things discussed above, constitute the tort of wrongful termination in violation of the public policy of the State of Alaska.

25. As a result of Shaw's wrongful termination in violation of public policy, Mr. Blakeslee suffered damages in excess of $100,000, the precise amount to be proved at trial.

COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-_____ CIVIL

PAGE 5 OF 7

Attachment A
Page 06

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 6 of 16

## COUNT III
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

26. This complaint incorporates by reference all preceding paragraphs.

27. In Alaska, all employment contracts contain an implied covenant of good faith and fair dealing.

28. Shaw had a policy that expressly required its employees to report contracting fraud.

29. Shaw breached the covenant of good faith and fair dealing when it terminated Mr. Blakeslee without cause and in retaliation after he complied with the company policy and reported contracting fraud.

30. As a result of Shaw's breach of the covenant of good faith and fair dealing, Mr. Blakeslee suffered damages, in excess of $100,000, the precise amount to be proven at trial.

## COUNT IV
## PUNITIVE DAMAGES

31. This complaint incorporates by reference all preceding paragraphs.

32. Shaw's conduct in this matter was outrageous, including acts done with malice or bad motives.

33. Shaw's conduct evidenced reckless indifference to the interest of another person.

34. In order to punish and deter such wrongful conduct, Shaw should be ordered to pay punitive damages in an amount to be proven at trial.

COMPLAINT
*BLAKESLEE V. SHAW INFRASTRUCTURE, INC.*
CASE NO. 3-AN-09-_____ CIVIL

PAGE 6 OF 7
Attachment A
Page 07

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 7 of 16

## PRAYER FOR RELIEF

WHEREFORE, PAUL BLAKESLEE asks this court to enter judgment in his favor, including:

1. An award of all available damages, including actual, consequential, special and punitive damages, plus pre-judgment and post-judgment interest, in an amount to be proven at trial in excess of $100,000.

2. An award of attorney's fees and costs.

3. Such other relief, including equitable relief, as the court may deem reasonable and proper in the interests of justice.

DATED at Anchorage, Alaska this 24th day of September, 2009.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiff

By: _____
Howard S. Trickey
Alaska Bar No. 7610138

By: _____
Matthew Singer
Alaska Bar No. 9911072

COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURES, INC.
CASE NO. 3-AN-09-_____ CIVIL

PAGE 7 OF 7
Attachment A
Page 08

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 8 of 16

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

PAUL BLAKESLEE, )
                Plaintiff, )
vs. )
)
SHAW INFRASTRUCTURE, INC., )
                Defendant. ) CASE NO. # 3AN-09-10472 CI
)

NOTICE OF CHANGE OF JUDGE
(Peremptory Challenge)

Pursuant to Civil Rule 42(c)/Criminal Rule 25(d), __Paul Blakeslee__, plaintiff/~~defendant~~, hereby peremptorily challenges the judge assigned to this case. Judge __Stowers__. Names and addresses of all parties (or their attorneys) in this case are (attach additional sheet if necessary):

Shaw Infrastructure, Inc.      Matthew Singer
c/o CT Corporation System    Jermain Dunnagan & Owens, P.C.
9360 Glacier Hwy Ste 202     3000 A Street, Suite 300
Juneau, AK 99801                Anchorage AK 99503

I certify that a copy of this notice has been sent to each of the persons listed above.

September 28, 2009
_____    _____
Date                                           Signature
                                         Matthew Singer
                                    Type or Print Name

| FOR COURT USE ONLY |
|---|
| Notice is ☐ timely. ☐ not timely. |
| ☐ A peremptory challenge has not previously been filed. |
| ☐ A peremptory challenge was previously filed by ☐ plaintiffs. ☐ defendants. |
| _____     _____ |
| Date                 Clerk / Judge |

ORDER

☐ This case is reassigned to Judge _____.
☐ This Notice of Change of Judge is not approved because
    ☐ It is not timely.
    ☐ Other: _____

_____    _____
Date                                           Judge / Clerk
                                       Type or Print Name

I certify that on _____,
a copy of this order was sent to:
Judge _____
Judge _____
Parties/Attys _____
Clerk: _____

| CALENDARING NOTICE |
|---|
| TRIAL DATE: _____ |
| CALENDAR CALL: _____ |
| LOCATION: _____ |
| OTHER: _____ |

TF-935 (2/00)(st.4)            Attachment A       Civil R. 42(c)
NOTICE OF CHANGE OF JUDGE    Page 09           Crim. R. 25(d)

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

IN THE SUPERIOR COURT OF THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

PAUL BLAKESLEE, )
)
    Plaintiff, )
)
vs. )
)
SHAW INFRASTRUCTURE, INC., )
)
    Defendant. )
_____ )  Case No. 3AN-09-10472 Civil

**COPY**
Original Received
SEP 28 2009
Clerk of the Trial Courts

## AMENDED COMPLAINT

Plaintiff Paul Blakeslee, by and through his undersigned attorneys, for his Complaint against Shaw Infrastructure, Inc. does allege as follows:

### PARTIES

1. Paul Blakeslee is a resident of Anchorage, Alaska and, up until he was wrongfully terminated on October 6, 2008, Mr. Blakeslee was employed by Shaw Infrastructure, Inc. to perform work on military installations located in Anchorage, Alaska.

2. Shaw Infrastructure, Inc. ("Shaw") is a Louisiana corporation that provides contract services to the United States military at installations located within the State of Alaska.

### JURISDICTION AND VENUE

3. Because the amount in controversy exceeds $100,000, this court has subject matter jurisdiction pursuant to AS 22.10.020.

{00257149 }

4. Venue is proper in this court because the facts and circumstances that give rise to this action arose in the Third Judicial District at Anchorage. AS 22.10.030 and Alaska Civil Rule 3.

5. Shaw Infrastructure, Inc. is subject to personal jurisdiction in this court because it performed the unlawful conducted complained of within the Third Judicial District at Anchorage and it engages in business within the State of Alaska.

## FACTUAL ALLEGATIONS

6. Mr. Blakeslee's employment with Shaw began in June 2003.

7. For five and a half years, Mr. Blakeslee successfully managed a workforce consisting of approximately 40 employees.

8. Mr. Blakeslee maintained an outstanding reputation among his subordinates, co-workers and government contract administrators. Mr. Blakeslee earned exemplary job performance reviews each year, including a certificate of appreciation for five years of service to Shaw. Mr. Blakeslee consistently received a "4" ranking in all performance criteria in every performance review. According to Shaw's employee performance rubric, a "4" rating places Mr. Blakeslee in the top 15% of all Shaw employees.

9. On Friday, September 5, 2008, employee Bea Campbell, work control clerk and one of Mr. Blakeslee's subordinates, came to Mr. Blakeslee's office complaining about Project Manager Richard Lantz, and Site Manager of Shaw's Fort Richardson office, Thomas Stockmaul. Mr. Blakeslee informed Ms. Campbell that he intended to

AMENDED COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-10472 CIVIL

PAGE 2 OF 7

Attachment A
Page 11

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 11 of 16

write a letter to Shaw to inform Shaw of Mr. Lantz's fraudulent activities against Shaw and the federal government, and of Mr. Stockmaul's abysmal record as a supervisor and manager.

10. On Monday, September 8, 2008 at 8:30AM, Mr. Stockmaul called Mr. Blakeslee to a meeting in Mr. Lantz's office. Mr. Lantz asked Mr. Blakeslee what his intentions were about his job. Mr. Lantz made a direct statement about Mr. Blakeslee's age, indicating that Mr. Blakeslee "might want to go out in a blaze of glory." Mr. Blakeslee informed Mr. Lantz that he had no intention of resigning. Mr. Lantz then indicated they were considering eliminating Mr. Blakeslee's position. Lantz and Stockmaul also made false accusations about Mr. Blakeslee's attendance, which Mr. Blakeslee denied, and the meeting ended.

11. When Mr. Blakeslee informed Mr. Lantz that he had no intention of retiring, Mr. Lantz threatened to eliminate his job.

12. On September 19, 2008, Mr. Blakeslee sent Shaw a letter outlining the fraudulent practices by Shaw employee Richard Lantz and the incompetent and unlawful managerial style of employee Thomas Stockmaul.

13. Mr. Blakeslee's letter indicated that Mr. Lantz was in business with two other individuals, Steven Helstrom and Alvin Whitney, to form American Leasing, LLC in Fairbanks, Alaska. American Leasing's practice was to buy equipment, and then lease that equipment back to Shaw at rates much higher than the going market rate. Shaw would then submit invoices to the U.S. Government for reimbursement for the leased

AMENDED COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-10472 CIVIL

PAGE 3 OF 7

Attachment A
Page 12

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 12 of 16

equipment. Mr. Blakeslee outlined an example of this practice when American Leasing leased a vacuum truck to Shaw for $9,000 a month. This rate is several magnitudes higher than the market rate for such a truck. Additionally, all necessary maintenance and repairs for leased equipment were to be performed by the leasing company. As Mr. Blakeslee's letter indicated, Shaw paid expenses in clear violation of Shaw policies.

14. In the same letter Mr. Blakeslee also outlined the poor management style and unlawful conduct of Thomas Stockmaul. Examples included: Inappropriate sexual remarks and innuendo about a pregnant employee in front of her fellow co-workers that was tantamount to sexual harassment; preferential treatment of co-workers by Mr. Stockmaul; and the constant barrage of humiliating, insulting and discriminatory remarks by Mr. Stockmaul directed toward his co-workers and subordinates, rising to the level of a hostile work environment.

15. Rather than investigate these serious infractions identified by Mr. Blakeslee, Shaw Infrastructure, Inc. retaliated against him by wrongfully terminating him.

16. On the morning of October 6, 2008, Mr. Lantz and Mr. Stockmaul informed Mr. Blakeslee that his position had been eliminated. Mr. Blakeslee was asked to pack his personal things and leave that day.

## COUNT I
## WRONGFUL TERMINATION IN VIOLATION OF AS 18.80.220

17. This complaint incorporates by reference all preceding paragraphs.

AMENDED COMPLAINT
*BLAKESLEE V. SHAW INFRASTRUCTURE, INC.*
CASE NO. 3-AN-09-10472 CIVIL

PAGE 4 OF 7

Attachment A
Page 13

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 13 of 16

18. Mr. Blakeslee was an exemplary employee and was, at all times relevant, more than 40 years old.

19. Shaw discriminated against Mr. Blakeslee and ultimately terminated him because of his age.

20. Shaw's wrongful termination violated AS 18.20.220(a)(1) and caused Mr. Blakeslee to suffer damages in excess of $100,000, the precise amount to be proved at trial.

21. Shaw also terminated Mr. Blakeslee after he reported conduct that is prohibited by AS 18.80.200–.280, and such retaliatory discharge violates AS 18.20.220(a)(4).

22. Mr. Blakeslee is entitled to all relief afforded by Alaska law.

## COUNT II
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

23. This complaint incorporates by reference all preceding paragraphs.

24. Shaw's actions including retaliating against Mr. Blakeslee for reporting and/or opposing unlawful conduct, as well as the other things discussed above, constitute the tort of wrongful termination in violation of the public policy of the State of Alaska.

25. As a result of Shaw's wrongful termination in violation of public policy, Mr. Blakeslee suffered damages in excess of $100,000, the precise amount to be proved at trial.

AMENDED COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-10472 CIVIL

PAGE 5 OF 7

Attachment A
Page 14

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 14 of 16

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

## COUNT III
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

26. This complaint incorporates by reference all preceding paragraphs.

27. In Alaska, all employment contracts contain an implied covenant of good faith and fair dealing.

28. Shaw had a policy that expressly required its employees to report contracting fraud.

29. Shaw breached the covenant of good faith and fair dealing when it terminated Mr. Blakeslee without cause and in retaliation after he complied with the company policy and reported contracting fraud.

30. As a result of Shaw's breach of the covenant of good faith and fair dealing, Mr. Blakeslee suffered damages, in excess of $100,000, the precise amount to be proven at trial.

## COUNT IV
## PUNITIVE DAMAGES

31. This complaint incorporates by reference all preceding paragraphs.

32. Shaw's conduct in this matter was outrageous, including acts done with malice or bad motives.

33. Shaw's conduct evidenced reckless indifference to the interest of another person.

34. In order to punish and deter such wrongful conduct, Shaw should be ordered to pay punitive damages in an amount to be proven at trial.

AMENDED COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-10472 CIVIL

PAGE 6 OF 7

Attachment A
Page 15

Case 3:09-cv-00214-SLG    Document 1-2    Filed 10/26/09    Page 15 of 16

## PRAYER FOR RELIEF

WHEREFORE, PAUL BLAKESLEE asks this court to enter judgment in his favor, including:

1. An award of all available damages, including actual, consequential, special and punitive damages, plus pre-judgment and post-judgment interest, in an amount to be proven at trial in excess of $100,000.

2. An award of attorney's fees and costs.

3. Such other relief, including equitable relief, as the court may deem reasonable and proper in the interests of justice.

DATED at Anchorage, Alaska this 28th day of September, 2009.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Plaintiff

By: _____
    Howard S. Trickey
    Alaska Bar No. 7610138

By: _____
    Matthew Singer
    Alaska Bar No. 9911072

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

AMENDED COMPLAINT
BLAKESLEE V. SHAW INFRASTRUCTURE, INC.
CASE NO. 3-AN-09-10472 CIVIL

PAGE 7 OF 7

Attachment A
Page 16

Case 3:09-cv-00214-SLG   Document 1-2   Filed 10/26/09   Page 16 of 16