IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| PAUL BLAKESLEE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SHAW INFRASTRUCTURE, INC.,<br><br>　　　　Defendant. | Case No. 3:09-cv-0214-RRB<br><br>**ORDER GRANTING**<br>**MOTION TO COMPEL** |
|---|---|

## I. INTRODUCTION AND BACKGROUND

Before the Court is Plaintiff Paul Blakeslee with a Motion to Compel at Docket 23. In October 2008, Blakeslee was terminated as an employee of Defendant Shaw Infrastructure, Inc. ("Shaw"), a contractor for the United States military. Blakeslee claims that he was improperly terminated in retaliation for his disclosure of certain alleged misconduct on the part of his supervisors at Shaw. Of particular relevance to the present motion is his accusation that his supervisor, Richard Lantz, had leased equipment on Shaw's behalf from his own company, American Leasing LLC ("American"), at vastly inflated prices, and that Shaw billed the government for the expense.[1] For its part, Shaw claims that Blakeslee's termination

---

[1] Docket 1, Exhibit 2 at 3-4.

ORDER GRANTING MOTION TO COMPEL - 1
3:09-CV-0214-RRB

was planned before he disclosed the alleged misconduct in a letter to Shaw, and that Blakeslee knew he would likely be terminated when he wrote the letter.

Blakeslee asks the Court to compel Shaw to produce the documents described in Blakeslee's Request for Production No. 5:

> All documents related to any business transactions between Defendant and American Leasing LLC, including but not limited to all contracts, agreements, invoices, payments, letters, emails and other documents and communications.[2]

Shaw objected to this document request as "overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence."[3] Shaw argues that Blakeslee's request is "based on the false premise that plaintiff has pleaded a federal False Claims Act ("FCA") fraud cause of action," when in fact Blakeslee has only a FCA retaliation claim against Shaw.[4]

**II. LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure affords parties the right to obtain information "regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody,

---

[2] Docket 24 at 5.

[3] Docket 24 at 5.

[4] Docket 27 at 2.

condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[5] The rules further specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6] Professor Wright instructs the "[t]he rules . . . permit the broadest scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case."[7]

The Ninth Circuit has emphasized that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth."[8]

**III. DISCUSSION**

Blakeslee's motive for requesting the documents is clear enough. If he can show that Lantz was engaged in fraud and self-dealing, and that Shaw knew or should have known about the fraud, then that will make it easier for him to prove that Shaw had an improper motive in terminating him after he made his allegations of

---

[5] Fed. R. Civ. P. 26(b)(1).

[6] Id.

[7] WRIGHT, § 2036 at 488.

[8] See Epstein v. MCA, Inc., 54 F.3d 1433, 1423 (9th Cir. 1995).

misconduct. This is especially true if, as Blakeslee seems to indicate, Lantz had a hand in the decision to terminate Blakeslee's employment.[9]

Shaw argues that any documents related to the transactions between Shaw and Lantz's company are "irrelevant" because they would tend to prove a fraud claim, not a retaliation claim.[10] In Shaw's view, so long as it is conceded that Shaw knew about Blakeslee's allegations prior to termination, any proof that those allegations were truthful is irrelevant.

The Court disagrees. It should be obvious that a company with real misconduct to hide would have more motive to terminate a whistle-blowing employee than would a company with clean hands. If Blakeslee had informed a government agency about the alleged fraud and then been terminated, his retaliation claim would not depend so heavily on proving that Shaw intended to conceal fraud. The "cat" would already have been "out of the bag," so to speak. Instead, Blakeslee informed Shaw's CEO about the alleged misconduct. Thus, Blakeslee can plausibly prove retaliation by showing that Shaw wanted to cover up or at least ignore the fraud.

---

[9] Docket 1, Exhibit 2 at 3-4.

[10] Docket 27 at 2.

ORDER GRANTING MOTION TO COMPEL - 4
3:09-CV-0214-RRB

Shaw cites Ninth Circuit authority for the proposition that a plaintiff in a retaliation claim under the False Claims Act (FCA), 31 U.S.C. §3730(h), need not show that an actual false claim was filed in order to prevail. But the fact that a plaintiff alleging retaliation need not show actual fraud does not mean that proof of such fraud is irrelevant to his claim. In this case, proof of Shaw's knowledge of fraud and failure to remedy such fraud would tend to prove an improper motive in terminating Blakeslee's employment. Under the broad discovery principles set forth in Rule 26, the documents are generally discoverable.

Shaw also claims that there is little factual basis for discovery of this issue. According to Shaw, "Plaintiff's memorandum grossly distorts the September 19, 2008, letter to Shaw's CEO upon which he places such great importance."[11] Shaw claims that Blakeslee didn't mention in his letter to the CEO certain allegations that he now makes in this case. For example, Shaw notes that Blakeslee's letter does not

> state anything to the effect that Lantz was "entering into contracts on behalf of Shaw to lease equipment from American Leasing at exorbitant prices, with the United States taxpayers picking up the tab." It does not state anywhere that the rate charged under the American lease for a vacuum truck "is several magnitudes higher than the market rate for such a truck." In fact, plaintiff did not contend in the letter, as now claimed in his memorandum,

---

[11] Docket 27 at 4.

ORDER GRANTING MOTION TO COMPEL - 5
3:09-CV-0214-RRB

that the alleged payment of maintenance expenses on the vacuum truck was "in clear violation of Shaw policies."[12]

These objections are without merit. In his letter to Shaw, Blakeslee told the company that Lantz had leased equipment on Shaw's behalf from his own company, including a sewer vacuum truck for $9,000 a month. If $9,000 is in fact "several magnitudes higher than the market rate for such a truck" then anyone familiar with Shaw's business would have known that American was overcharging for the truck. It would have been unnecessary for Blakeslee to point this out to Shaw in the letter. Likewise, if in fact it was standard practice for Shaw to submit invoices to the government for its equipment expenses, as Blakeslee alleges in his complaint,[13] then Blakeslee would have no reason to inform Shaw that Lantz's excessive building would result in a fraud on the taxpayers. It would be understood as a matter of course. Obviously, Blakeslee did not have to tell Shaw in his letter whether such practices violated Shaw's company policies. The fact that Blakeslee has clarified these issues for the Court, which is unfamiliar with Shaw's business practices, should not be held against him.

Finally, Shaw argues that the document request is overbroad and unduly burdensome. Shaw points out that "the request lacks a

---

[12] Docket 27 at 4-5 (citations omitted).

[13] Docket 1, Exhibit 2 at 3.

time frame and plaintiff has otherwise not offered to more reasonably tailor the request."[14] The Court notes, however, that Shaw has likewise failed to propose any alternative limits to the discovery request. Surely, if the alleged fraud is discoverable, Shaw does not expect the Court to force Blakeslee to rely solely on the investigative report compiled by Shaw. Without any guidance from the parties on how to more "reasonably tailor" the document request, the Court can only order discovery of the entire request or none of it. Since the documents are generally discoverable, the Court will grant the request in its entirety.

## IV. CONCLUSION

The documents which detail the business relationship between Shaw and American may contain evidence that Shaw knew or should have known about fraudulent transactions and failed to take steps to remedy the problem. Such evidence would tend to prove an improper motive for firing Blakeslee, even if it would not be dispositive of his retaliation claim. For the foregoing reasons, the Motion to Compel at **Docket 23** is **GRANTED.**

**IT IS SO ORDERED.**

ENTERED this 27th day of July, 2010.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE

---

[14] Docket 27 at 10.