UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL BLAKESLEE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-00214 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| SHAW INDUSTRIES, INC., | ) | [RE:  Motions at Dockets |
| | ) | 52, 55, and 58] |
| Defendant. | ) | |

## I.  MOTIONS PRESENTED

Defendant Shaw Industries, Inc. ("Shaw") filed a series of motions *in limine*. The court has ruled on the first motion.[1]  This order addresses three of the remaining motions, those at dockets 52, 55, and 58, all of which have been fully briefed. Oral argument would not assist the court.

The other motions will be addressed in another order or orders which will be issued as time and other demands permit.

## II.  BACKGROUND

The Second Amended Complaint filed by plaintiff Paul Blakeslee ("Blakeslee") sought to recover in excess of $100,000 in damages from Shaw.[2]  Blakeslee commenced the litigation in state court. Shaw removed the case to this court based on diversity of citizenship. The court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Order, doc. 121.

[2] Second Amended Complaint, doc. 15.

The Second Amended Complaint set out five claims relating to Blakeslee's employment by government contractor Shaw to work on various military installations in Alaska.  Blakeslee's first claim was that Shaw terminated his employment in retaliation for his having made an internal report indicating that Shaw had engaged in fraudulent contracting practices as a government contractor.  Blakeslee sought redress for the retaliation pursuant to 31 U.S.C. § 3130(h)

Blakeslee's second claim alleged that the termination of his employment violated AS18.80.220; more specifically, sub-sections 220(a)(1) (prohibiting various forms of discrimination including age discrimination) and 220(a)(4) (prohibiting, *inter alia*, retaliation for exercising a right protected by AS18.80-200-280).  The third claim alleged Blakeslee was terminated in violation of public policy.  The fourth claim alleged Shaw violated the covenant of good faith and fair dealing implied in Blakeslee's employment contract.  The last claim asserted that Shaw's conduct was outrageous and asked for punitive damages.

Shaw filed a motion for summary judgment[3] which was granted in part and denied in part by Judge Beistline, who was then presiding in this case.[4]  Judge Beistline's order granted summary judgment on the claim of retaliation based on the False Claims Act, because he concluded that Blakeslee's September 19 letter did not present a fraud on the government, an element needed to support the False Claims Act retaliation claim.  He also granted summary judgment on the claim that Blakeslee's discharge violated public policy, holding that such a claim cannot be pursued where, as here, there is a statute that can provide relief.

The order denied summary judgment on the other claims, but narrowed the dispute somewhat with respect to them.  Concerning the state law claim for retaliation under AS 18.80.220(a)(4), Judge Beistline explained that disputed issues of fact remained as to whether the elimination of Blakeslee's job was a retaliatory action taken

---

[3]Motion, doc. 43.

[4]Order, doc. 110.  Judge Beistline subsequently recused, and the case was reassigned to the undersigned district judge.

because the September 19 letter raised a concern about sexual harassment of a pregnant worker, as well as age discrimination against Blakeslee. Judge Beistline also found that there were disputed issues of fact as to whether Shaw's elimination of Blakeslee's position was undertaken because of his advanced age in violation of (AS 18.80.220(a)(1). Concerning the claim for breach of the covenant of good faith and fair dealing, Judge Beistline held that disputed issues of fact remained, noting that the "lynchpin" of Shaw's argument–the proposition that nobody at Shaw who participated in the decision to eliminate Blakeslee's position actually knew of the September 19 letter–was in dispute.

### III.  DISCUSSION

**A.  Motion at Docket 52**

In the motion at docket 52, Shaw seeks to sweep a very broad swath of information off the table: "Defendant moves the Court to Order Plaintiff, his attorneys, witnesses, and other representatives not to mention or imply before the jury at any time, in any manner or from evidence or argument related to Shaw's relationship with the U.S. Army including financial details related to Shaw."[5] In its memorandum supporting the motion, Shaw asks the court to exclude from evidence any information which might tend to show Shaw breached its contract with the Army, which might tend to show Shaw "whitewashed" information it provided the Army in connection with its investigation, and which discloses financial information relating to Shaw's contracts with the army.[6] Shaw argues that this information should be excluded under Rule 402 as irrelevant, and if relevant, then should be excluded under Rule 403 as unduly prejudicial.

Certainly much of the information Shaw seeks to exclude would have been relevant to the False Claims Act retaliation claim, but that claim has been dismissed. Nevertheless, at least some information regarding Shaw's relationship with the Army is relevant to Blakeslee's effort to demonstrate that Shaw's explanation for the elimination of his job was mere pretext and possibly to rebut an assertion by Shaw that the

---

[5]Doc. 52 at p. 1.

[6]Doc. 53 at p. 1.

September 19 letter was falsely contrived by Blakeslee. The fact that information is relevant does not end the inquiry. Information which is relevant may be excluded under Rule 403 if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The broad principles which apply are easy to state, but their application here is rendered difficult because the parties' papers do not allow the court to determine exactly what evidence is at issue, and with respect to particular bits of evidence whether they are bound up in or so closely related to other items of evidence that their admission cannot be determined in isolation. After considering the parties' papers, the court concludes that it cannot issue specific rulings. Deciding just what testimony and which exhibits within the ambit of the motion may be admitted in evidence must await trial, when objections as to specific testimony or particular exhibits may be made.

**B. Motion at Docket 55**

At docket 55, Shaw asks the court to exclude opinion testimony from Michele Cooke that Blakeslee was not "treated well." It also asks the court to exclude opinion testimony from Everett Mabry that Shaw did not need to eliminate the position held by Blakeslee. In addition, Shaw asks the court to exclude Blakeslee's own opinion that Shaw violated provisions of the Federal Acquisition Regulations ("FAR").[7]

Cooke may be an important fact witness at trial, but her own opinion about whether Blakeslee was treated well or fairly by Shaw has no relevance to the issues to be resolved regarding whether Shaw's treatment of Blakeslee was lawful. The objection to that specific aspect of testimony from Cooke is sustained.

Perhaps Mabry could have been qualified as an expert witness who could in that capacity offer testimony about staffing levels needed to perform certain work, but any such opinion would necessarily be founded on technical or specialized knowledge

---

[7]The motion also refers to a vaguely outlined category of expert opinion testimony, but the supporting memo establishes that Shaw is not presently seeking relief regarding such testimony. Doc. 56 at p. 10.

acquired over Mabry's long career. Offered as lay opinion, Mabry's testimony must be excluded, because it runs afoul of Rule 701(c).

With respect to Shaw's request to exclude Blakeslee's opinion that Shaw was in violation of the FARs, Blakeslee has stated that he will not offer such opinion testimony. That renders this aspect of the motion moot.

**Motion at Docket 58**

In this motion, Shaw asks to exclude evidence concerning its Alaska Project Manager, Richard Lantz. In particular it asks the court to exclude evidence relating to an investigation by Lantz's former employer into its concern that he had sexually harassed another of its employees, a woman whom Lantz later married. Shaw also asks the court to exclude evidence that while working for Shaw, Lantz allowed other employees to pad their time cards.

Blakeslee argues that evidence of the sexual harassment investigation should be admitted, because Lantz did not disclose that as the reason he lost his former employment. In short, he lied about it, and that goes to his credibility. Of course, specific instances of conduct to prove a witness' character for truthfulness may not be inquired into on direct, but may, in the court's discretion, be made the subject of cross-examination.[8] Here, the only way to use the "lie" requires delving into the sexual harassment investigation. Showing that a person failed to disclose he had been the subject of a sexual harassment investigation involving a person he later married is not particularly probative of the witness's character for truthfulness on less personal matters. Given the relatively weak probative value of this line of inquiry, a significant risk of unfair prejudice to Shaw (which acted through Lantz), a significant risk of misleading the jury as to what issues are important, and a risk of wasting time; evidence of the investigation by the former employer will be excluded pursuant to Rule 403.

The second aspect of the motion is Shaw's request that the court exclude evidence regarding Cooke's investigation into Lantz's acquiescence in payroll padding by other Shaw employees. Shaw argues on the basis of Rule 404 as it would pertain to

---

[8]Fed. R. Evid. 609(b).

Lantz's character for truthfulness. Blakeslee, on the other hand, urges the court to evaluate the evidence in terms of how reasonable it was for Shaw to rely on Lantz's decisions and may tend to show pretext in the proffered justification for terminating Blakeslee's position. The court concludes that it cannot issue a definitive ruling on this in advance of seeing what specific evidence is offered relating to this topic. A ruling is withheld on this aspect of the motion.

## IV.  CONCLUSION

For the reasons set out above:

(1) The motion at docket 52 is **DENIED without prejudice** to objections which may be properly raised at trial;

(2) The motion at docket 55 is **GRANTED**; and

(3) The motion at docket 58 is **GRANTED** as to the sexual harassment investigation, and a ruling is reserved as to the time card padding investigation.

DATED this 8th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE