UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL BLAKESLEE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-00214 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| SHAW INFRASTRUCTURE, INC., | ) | [Re:   Motion at Docket 64] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 64, defendant Shaw Infrastructure, Inc. ("Shaw") moves *in limine* to exclude certain testimony from Michelle Cook ("Cook"), former Human Resources Compliance Manager at Shaw. Plaintiff Paul Blakeslee ("Blakeslee") opposes the motion at docket 91. Shaw's reply is at docket 108. Oral argument was not requested and would not assist the court.

Detailed background information is provided in the order at docket 129.

## II.  DISCUSSION

### A. Refusal to Permit Cooke to Investigate

Shaw argues that Cooke's testimony that she was not permitted to investigate Blakeslee's termination is irrelevant to whether Blakeslee's termination was retaliatory. Blakeslee counters that it is relevant to whether Shaw's explanation for terminating Blakeslee's employment was pretextual. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence."[1] Cooke's testimony that she was not permitted to investigate Blakeslee's termination makes it more probable that Shaw's proferred reason was pretextual. Shaw suggests that there are other reasons that Cooke was not permitted to perform an investigation. Those alternative explanations can be offered at trial and do not detract from the relevance of Cooke's testimony.

Shaw's reply changes course; it states that Cooke was allowed to investigate and that the investigation is irrelevant because it occurred after Blakeslee was terminated. An argument cannot be raised for the first time in a reply brief.[2] Even if the court were to consider Shaw's untimely argument, it is not persuasive. Even assuming "the only relevant evidence is that which was before the decision-maker at the time of the employment action at issue,"[3] the results of an internal investigation would offer insight into what precisely was considered in making the decision to terminate Blakeslee's employment.

**B. Testimony that Cooke Would Have Investigated the RIF Differently**

Shaw argues that Cooke's testimony that she would have investigated Shaw's reduction-in-force ("RIF") practice differently had she known about Blakeslee's letter is irrelevant because it is speculative. Blakeslee maintains that it tends to show that Blakeslee's decision not to involve the human resources department was unreasonable and that Shaw's explanation was pretextual. This portion of Cooke's testimony is irrelevant. Whether Cooke would have investigated differently in light of the letter has no bearing on whether Blakeslee's termination was retaliatory or whether its proferred reason was pretextual.

**C. Cook's Past Experience With the RIF Process**

Shaw argues first that Cooke's testimony that she witnessed managers use the RIF process to get rid of problem employees is "irrelevant, unfairly prejudicial, and

---

[1] Fed R. Evid. 401.

[2] *In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005).

[3] Doc. 108 at 3.

completely lacking of probative value."[4]  Shaw does not attempt to explain why.  In any event, Shaw's first argument is inconsistent with its second–that this portion of Cooke's testimony should be excluded pursuant to Rule 404.[5]

Shaw does not specify whether it is seeking to exclude Cooke's testimony pursuant to Rule 404(a) or (b).  The court assumes that Shaw is arguing that Cooke's testimony pertains to specific acts offered to prove character.  Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[6]  Cooke's testimony that Shaw managers used the RIF process to get rid of problem employees is not offered to prove character or action in conformity with any character trait.  Assuming that a business entity can even possess such traits, it is not clear what aspect of Shaw's "character" that evidence would tend to prove.  Even if it were character evidence, Rule 404(b) permits evidence of specific acts "for other purposes, such as . . . knowledge."[7]  Cooke's testimony suggests that Shaw had knowledge of a process to get rid of problem employees.

### D. Cooke's Distrust of Lantz

Shaw argues that Cooke's opinion of Lantz's trustworthiness–based on an issue involving the falsification of time cards–is irrelevant.  Under Rule 608, '[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation [provided it] refer[s] only to character for truthfulness or untruthfulness."[8]  Cooke's opinion of Lantz's truthfulness or untruthfulness may be elicited to attack Lantz's credibility.  However, "[s]pecific instances of the conduct of a witness . . . may not be

---

[4]Doc. 65 at 3.

[5]*See Michelson v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").

[6]Fed. R. Evid. 404(b).

[7]*Id.*

[8]Fed. R. Evid. 608(a)(1).

proved by extrinsic evidence," but may be inquired into on cross-examination.[9] Although Rule 608(b) precludes Blakeslee from eliciting the basis for Cooke's opinion on direct, it does not preclude introduction of her opinion.

Blakeslee argues that the testimony is also relevant to whether Shaw's explanation for Blakeslee's termination was pretextual. Even if it were, that separate ground would not permit introduction of anything on direct beyond Cooke's opinion. With that opinion in evidence, counsel may later argue to the jury the proposition that Cooke's belief as human resources manager reflects on Shaw's belief in Lantz's explanation for termination of Blakeslee's employment.

### E. Cooke's Own RIF

Cooke testified that she believed her office would be closing when her employment was terminated in 2010, but that the office simply moved. Shaw concedes that the status of Cooke's employment with Shaw is "relevant for context," but argues that the details are not. The court agrees that the circumstances of Cooke's termination are irrelevant to Blakeslee's claims. However, the status of Cooke's employment and the circumstances of her termination may arise in the context of, and are relevant to, her credibility.

### III.  CONCLUSION

For the reasons above, Shaw's motion *in limine* at docket 64 is **GRANTED** in part and **DENIED** in part as follows:

1) Cooke may testify regarding the denial of her request to investigate Blakeslee's termination.

2) Cooke may not testify that she would have investigated differently if she were aware of Blakeslee's letter.

3) Cooke may testify as to her experience with Shaw managers using the RIF process to get rid of "problem" employees.

4) Cooke may offer her opinion of Lantz's reputation for trustworthiness or untrustworthiness.

---

[9]Fed. R. Evid. 608(b)(1); *see also* Fed. R. Evid. 405.

  5) The circumstances of Cooke's termination may be presented to the jury only if they arise in the context of Cooke's credibility.

  DATED at Anchorage, Alaska, this 30th day of September 2011.

            /s/ JOHN W. SEDWICK
          UNITED STATES DISTRICT JUDGE