UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| PAUL BLAKESLEE, | ) | |
| Plaintiff, | ) | 3:09-cv-00214 JWS |
| vs. | ) | ORDER AND OPINION |
| SHAW INFRASTRUCTURE, INC., | ) | [Re: Motion at Docket 114] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 114, defendant Shaw Infrastructure, Inc. ("Shaw") moves *in limine* to exclude the testimony of plaintiff's expert, Brian H. Kleiner ("Kleiner"). Plaintiff Paul Blakeslee ("Blakeslee") opposes the motion at docket 127. Shaw's reply is at docket 130. Oral argument was not requested and would not assist the court.

Detailed background is provided in the order at docket 129.

## II. DISCUSSION

Under Federal Rule of Evidence 702, qualified experts may offer their opinion provided that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods and (d) the expert has reliably applied the principles and methods to the facts of the case."[1] The first requirement bears on the relevance of the

---

[1] Fed. R. Evid. 702.

expert's opinion and the remaining requirements go to its reliability.[2] In *Daubert*, the Supreme Court enumerated an unexhaustive list of factors for determining whether an expert's testimony is scientific.  First, a court should consider whether the expert's methodology has been tested.[3]  Second, a court should consider whether it has been "subjected to peer review and publication."[4]  Third, a court should consider the theory's "known or potential rate of error."[5]  Finally, a court should consider whether the expert's theory has achieved "general acceptance" in the relevant scientific community.[6] In *Kumho Tire v. Carmichael*,[7] the Supreme Court held that *Daubert*'s general principles apply to [all] expert matters described in Rule 702."  However, the *Daubert* factors "do not all necessarily apply . . . in every instance in which the reliability of [expert] testimony is challenged."[8]

As a threshold matter, Kleiner's qualifications in the human resources field are extensive and not seriously challenged.[9]

**A. Reliability**

Shaw Argues first that Kleiner's opinions are not reliable.  Specifically, Shaw argues that Kleiner's "opinions are not based on exact scientific studies or precise standards."[10]  Kleiner's field of expertise–human resources–is not scientific by nature.  It

---

[2]*See Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579, 589–591 (1993).

[3]*Id.* at 593.

[4]*Id.*

[5]*Id.* at 594.

[6]*Id.*

[7]526 U.S. 137, 149 (1999).

[8]*Id.* at 151.

[9]*See* doc. 114-3.

[10]Doc. 114 at 8.

is instead within the "other specialized knowledge" category encompassed by Rule 702. Therefore, Shaw's argument that Kleiner's field is not scientific has no bearing on the admissibility of Kleiner's opinion.

Shaw argues that the standards upon which Kleiner relies–in particular, a human resources textbook outlining the "golden rules" of company downsizing[11]–are also unreliable. Specifically, Shaw maintains that the standards discussed in that text are not legal standards, only intended as guidance, and that failure to follow those standards does not constitute discrimination or retaliation. Shaw confuses the purpose of Kleiner's opinion. As discussed below, Kleiner's opinion is offered primarily to support the proposition that Shaw's justification for Blakeslee's termination was pretextual. The idea is that a failure to follow the guidance set out in the textbook–that is, deviation from standard human resources practice–supports an inference that Shaw's reduction-in-force was pretextual. Consequently, it is immaterial that the standards Kleiner relies on are not legally binding.[12]

Shaw argues that Kleiner's methodology–whether it is labeled "content analysis"[13] is immaterial–is lacking because "it is no different than what happens in closing arguments and again in the jury room."[14] Shaw argues that Kleiner is simply applying the facts of Blakeslee's termination against the standards in a human resources textbook. Although that is accurate, Kleiner's expertise is necessary to establish that the standards in the textbook are representative of human resources practice and that a failure to follow all or some of them can suggest that a termination

---

[11]*See* doc. 114-6.

[12]Shaw also argues that an EEOC guideline for dealing with employee harassment complaints is unreliable because it is not a legal mandate.

[13]*See* doc. 127 at 11; doc. 130 at 6–7.

[14]Doc. 130 at 7.

was improperly motivated. The simplicity of a methodology does not render it unreliable.

Kleiner's lack of "practical" or "hands-on" experience in terminating employees does not render his opinions unreliable. An expert may be qualified by "knowledge, skill, experience, training, or education,"[15] and Shaw concedes that Kleiner has taught and published in the human resources field for many years.[16] Kleiner's qualification stems from his knowledge, training, and education, and those are sufficient under Rule 702.

Shaw argues that Kleiner has adjusted his opinion "on-the-fly" and that indicates that his testimony is unreliable.[17] Shaw cites an exchange at Kleiner's deposition in which Kleiner stated his experience "while organizations give lip service to wanting to be told of possible fraudulent activity occurring in their organizations," most organizations do not want that information reported "because it creates embarrassment" and can harm relations with the government.[18] When confronted with evidence that Shaw had a reporting hotline, Kleiner stated that he was "not saying this of Shaw."[19] Any opinion that Kleiner expresses that has no bearing on Shaw is irrelevant and may be kept from the jury via objection at trial. Wholesale exclusion of Kleiner's testimony is unnecessary.

---

[15] Fed. R. Evid. 702.

[16] Doc. 114 at 10.

[17] *Id.*

[18] Doc. 114-2 at 32.

[19] *Id.*

**B. Relevance**

Shaw argues that Kleiner's opinions are irrelevant. "Expert testimony which does not relate to any issue in the case is not relevant."[20] Shaw maintains that whether it followed standards outlined in a human resources text has no bearing on whether Blakeslee's termination was discriminatory or retaliatory. Blakeslee maintains that Kleiner's testimony is relevant to his claims because it supports an inference of pretext. The court agrees. In Kleiner's experience, the textbook's guidelines constitute common practice of companies performing layoffs. A failure to follow those guidelines could support an inference that Shaw's purported justifications are pretextual.

Shaw's argument that Kleiner's opinion regarding its investigation of Blakeslee's termination is similarly unpersuasive. Even though the EEOC guideline relied on by Kleiner is not mandatory, Kleiner maintains that the guideline describes common practice in the field of human resources, and Shaw's decision not to follow it supports an inference that the reduction-in-force was pretextual.

**C. Assistance to the Jury**

Another aspect of an expert opinion's relevance is whether it will "help the trier of fact to understand the evidence or to determine a fact in issue."[21] Shaw argues that Kleiner's opinion would not assist the jury because the case does not involve technical or complex facts. However, as Blakeslee correctly points out, jurors are unlikely to be familiar with human resources protocol. Moreover, there is terminology unique to the field that a typical juror is unlikely to be familiar with. The court concludes that Kleiner's testimony would help the jury understand the evidence.[22]

---

[20] *Daubert*, 509 U.S. at 591.

[21] Fed. R. Evid. 702(a); *see Daubert*, 509 U.S. at 591.

[22] For instance, as Blakeslee points out, Shaw's own "Reduction in Force" policy uses terms that will likely need to be explained to the jury.

### D. Ultimate Issue

Shaw argues that Kleiner's testimony should be excluded because it impermissibly tells the jury how it should decide certain issues. Shaw is correct that "[e]xpert testimony is not proper for issues of law."[23] However, Rule 704 provides explicitly that "[a]n opinion is not objectionable just because it embraces an ultimate issue."[24] Therefore, while Kleiner may not opine that "Blakeslee's discharge was discriminatory and retaliatory," his statement, for instance, that "I don't find [Shaw's] alleged business reason or reasons . . . to be adequately supported"[25] is permissible opinion. Although Kleiner will be not be permitted to offer the jury legal conclusions, wholesale exclusion of his testimony is not proper on this basis.

### E. Prejudice

Finally, Shaw argues that Kleiner's opinions are unduly prejudicial. Shaw's characterization of Kleiner's testimony is, however, inaccurate–Kleiner is not presenting the so-called "golden rules" as legal standards, but rather as evidence of typical human resources practice. He is opining that deviation from that practice supports an inference that a company's legitimate justifications for an employee's termination are pretextual. Moreover Kleiner's opinions that do not reflect on Shaw are irrelevant and will not be presented to the jury. Therefore, Shaw's concern over presentation of "corporate character" evidence is unfounded. The probative value of Kleiner's testimony is not outweighed by the danger of unfair prejudice.

---

[23] *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996).

[24] Fed. R. Evid. 704(a).

[25] Doc. 130-1 at 26.

## V.  CONCLUSION

For the reasons above, Shaw's motion *in limine* at docket 114 is **DENIED**.

DATED this 1st day of December 2011.

>                   /s/
>        JOHN W. SEDWICK
>    UNITED STATES DISTRICT JUDGE