IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL BLAKESLEE,<br><br>    Plaintiff,<br><br>vs.<br><br>SHAW INFRASTRUCTURE, INC.,<br><br>    Defendant. | Case No. 3:09-cv-00214-SLG |

## ORDER RE MOTION FOR REMEDIAL ORDER AND TO SHOW CAUSE

Before the court at docket 158 is Shaw's motion for a remedial order regarding the plaintiff's deposition designations. Shaw correctly notes that the Pretrial Order in this case requires a party who intends to offer a witness's testimony by deposition in lieu of live testimony to "specify the inclusive pages from the deposition which are proposed to be offered."[1] Mr. Blakeslee's deposition designations include the entirety of six depositions, designating from page 1, line 1 to the end of each deposition.[2] Shaw estimates that these depositions total nearly 20 hours of testimony.[3] Shaw's motion asserts the designation of the entirety of these depositions violates the requirement of the Pretrial Order, particularly in light of the numerous *in limine* rulings that have been entered in this case. On the same day that it filed this motion, Shaw also filed extensive objections by page and line to the plaintiff's deposition designations; among the

---

[1] Docket 136 at 3.

[2] In a Notice filed on June 22, 2012, the plaintiff indicated an intent to call one of those witnesses, Ms. Bea Campbell, in person. (Docket 179) This court interprets that Notice to constitute a withdrawal of the plaintiff's deposition designations for Ms. Campbell.

[3] Docket 158 at 6, n.6.

objections are assertions that certain designated portions of each of the depositions are precluded by the *in limine* rulings previously ordered by the court.[4]

In its opening memorandum in support of the motion, Shaw sought to either require the plaintiff to appear and show cause why he should not be sanctioned for the making of the blanket designations, or alternatively, Shaw asserted that Mr. Blakeslee should be ordered to "immediately designate the deposition testimony that he actually will use at trial, with sufficient time for Shaw to consider its counter-designations."[5]

Mr. Blakeslee opposed the motion at docket 174. He asserts that he plans to use the entirety of each of the designated depositions at trial, as permitted by federal Civil Rule 32, and hence designated each in its entirety.[6]

In reply at docket 178, Shaw maintains that use of the entirety of these depositions would run counter to the *in limine* orders entered in this case.

While Rule 32 permits a party to use some or all of a deposition at trial, that rule expressly limits the admissibility of deposition testimony to what "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."[7] The *in limine* rulings issued in this matter are determinations as to admissibility under the Federal Rules of Evidence. As such, they apply here so as to preclude the admission of certain portions of the depositions. This court interprets the plaintiff's deposition

---

[4] Docket 156.

[5] Docket 158 at 12-13.

[6] Docket 174 at 3 ("We determined that affording the jury the opportunity to watch full depositions would allow the jurors the opportunity to evaluate the manner, credibility and reliability of these witnesses.").

[7] Civil Rule of Fed. Proc.32 (a)(1)(B).

3:09-cv-00214-SLG, Blakeslee v. Shaw
Order re Motion for Remedial Order and to Show Cause
Page 2 of 4

Case 3:09-cv-00214-SLG   Document 189   Filed 06/28/12   Page 2 of 4

designations as a clear election to play the entirety of each of these videotaped depositions to the jury during the approximate three days of trial time that the plaintiff has represented to this court he needs for his case in chief. Thus, each of these depositions will be played to the jury in its entirety during the plaintiff's case in chief, excepting only those portions as to which this court sustains the defendant's objection to admissibility pursuant to the Federal Rules of Evidence, including as previously delineated in the *in limine* rulings.

With respect to the plaintiff's deposition designations, the court's pretrial task, which is certainly not atypical in civil litigation, is to rule on each of Shaw's objections to the depositions that Mr. Blakeslee has designated. In so doing, this court will apply the Federal Rules of Evidence and the *in limine* rulings in this action that have interpreted those rules with respect to certain topics. The goal is that prior to trial, an edited, fully admissible version of each designated deposition is prepared consistent with those rulings for presentation to the jury.[8]

Likewise, it is this court's intent to rule on each of Mr. Blakeslee's objections to Shaw's deposition designations in advance of trial so that edited versions of those designations consistent with this court's rulings are prepared for the jury as well.

Upon reviewing the parties' deposition designations and objections that have been filed to date, this court has determined that in ruling on the objections it could well be of considerable assistance to the court for each party to provide a response to the

---

[8] It may be that additional editing of the deposition designations will be required during the course of trial before a deposition is played based upon the other evidence that is admitted during trial, as contemplated in certain *in limine* rulings. But any such additional editing will be addressed by the court outside of the presence of the jury before, and not while, each deposition is played to the jury.

3:09-cv-00214-SLG, Blakeslee v. Shaw
Order re Motion for Remedial Order and to Show Cause
Page 3 of 4

Case 3:09-cv-00214-SLG   Document 189   Filed 06/28/12   Page 3 of 4

other party's objections.  Specifically, this court seeks the plaintiff's specific response to each of the objections that the defendant filed to the plaintiff's deposition designations at docket 156, by page and line.  And this court seeks the defendant's specific response to each of the objections that the plaintiff has made to the defendant's designations at docket 157, by page and line.  To provide just one example, the defendant has objected to page 5, line 7 through page 6, line 14 of Gary Barkhurst's deposition as both irrelevant and exceeding the limitation in the order at docket 121.[9]  (Docket 156 at 1) The plaintiff's response to this objection should either withdraw this testimony, or set forth why the plaintiff asserts the testimony is relevant and why it does not exceed the limitations in the order at docket 121.  This request for additional briefing is not an opportunity for either party to designate any additional designation testimony.

Each party shall file and serve responses to the other party's objections to deposition designations in a manner consistent with this order by **July 5, 2012**.

Shaw's motion for a remedial order is GRANTED to the extent set forth above that directs each party to file responses to the other party's objections to depositions designations.  Shaw's request for sanctions is DENIED.

DATED at Anchorage, Alaska, this 28th day of June, 2012.

/s/ Sharon L. Gleason
United States District Judge

---

[9] See Docket 156 at 1.

3:09-cv-00214-SLG, Blakeslee v. Shaw
Order re Motion for Remedial Order and to Show Cause
Page 4 of 4

Case 3:09-cv-00214-SLG   Document 189   Filed 06/28/12   Page 4 of 4