Douglas S. Parker, Alaska Bar No. 8311168
dparker@littler.com
Sean Halloran, Alaska Bar No. 9211080
shalloran@littler.com
LITTLER MENDELSON, P.C.
310 K Street, Suite 400
Anchorage, AK  99501
Telephone:   907.561.1214
Fax No.:       503.242.2457

Attorneys for Defendant
Shaw Environmental and Infrastructure, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| PAUL BLAKESLEE,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>SHAW ENVIRONMENTAL AND INFRASTRUCTURE, INC.,<br><br>　　　　　Defendant. | Case No. 3:09-cv-00214-SLG |

**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Blakeslee asks this court to award him $694,850.50 as full fees at an enhanced rate for all work undertaken in, or in conjunction with, this litigation for his having prevailed on the False Claims Act claim.  In the alternative, he asks that the court award him $616,016 as an enhanced award under Alaska Civil Rule 82 for his having prevailed on the age discrimination/retaliation claim.  He also seeks to recover expenses that were not allowable as costs of the litigation.  To grant his motion as requested would be error.

OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **1** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK  99501
Phone 907.561.1214

### A. Blakeslee May Not Be Awarded Fees Under 31 USC § 3730 For All Work Related To The Litigation.

Under federal law, the prevailing party is not entitled to attorney fees unless authorized by "contract, applicable statute, or other exceptional circumstances." In re Bybee, Krommenhoek v. A-Mark Precious Metals, 945 F.2d 309, 315-316 (9th Cir. 1991); Richardson v. Alaska Airlines, Inc., 750 F.2d 763, 765 (9th Cir.1984).

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim . . . The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits.

Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983). Assuming that Blakeslee ultimately prevails on the False Claims Act claim, this court may not permissibly award Blakeslee enhanced full fees for all work performed relative to the litigation. Id. To the contrary, it must distinguish between the work performed in furtherance of the False Claims Act claim, the age discrimination/retaliation claim, and the claims on which Blakeslee did not prevail. It may then award fees under 31 USC § 3730 only to the extent that Blakeslee incurred fees relative to the False Claims Act claim and only if he ultimately prevails on that claim.

Blakeslee has not <u>identified</u> which work was performed relative to his separate claims, and has not provided an adequate basis for making that determination. Where declarations and billing summaries furnished to a court are inadequate to reveal the precise allocation to be made between work performed for one claim and work performed

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **2** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK 99501
Phone 907.561.1214

for another, it is an abuse of discretion for a district court to not demand more detailed billing records. <u>Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.</u>, 122 F.3d 1211 (9th Cir. 1997).

**B.     Blakeslee Seeks To Recover For Inappropriately Billed Fees.**

"Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983).  Here, Blakeslee seeks to recover for things like having a paralegal attend trial as a spectator or having additional attorneys charge to "attend half of Paul's deposition". [E.g.: Docket 387-15 at 1; 387-15 at 39; 387-16 at 1.]  And while it is appropriate to delegate work to associate attorneys and paralegals, Blakeslee's summary of time entries make plain that such personnel were commonly used to duplicate tasks and decrease efficiency instead of increasing it.  Blakeslee's purported fees routinely identify tasks that were entirely unnecessary, duplicative, or excessive.  For example, he seeks to recover for more than 13 hours spent summarizing 3 hours of testimony. [Docket 387-15 at 4.]  Moreover, the numerous deposition summaries, allegedly prepared "for trial and witness preparation", involved witnesses that Blakeslee presented at trial by deposition, negating any suggestion that the summaries enabled counsel to better prepare for their appearance at trial. [E.g.: Docket 387-15 at 4-6; <u>compare</u> Docket 263.]  As well, tasks like editing video and operating video equipment at trial are not tasks that a client, or, in this case, an opposing party, should be expected to compensate at $195 per hour.

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **3** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK  99501
Phone 907.561.1214

[E.g.: Docket 387-16 at 34.] To the contrary, these are services that are normally performed by staff as part of a law firm's overhead or contracted to vendors at a small fraction of the price requested by Blakeslee. The court has an obligation to scrutinize the time entries submitted by Blakeslee to determine a reasonable number of hours. Here, the court should recognize that the total number of requested hours, especially for support personnel, is excessive.

C. **There Is No Basis For Enhancing The Lodestar.**

Blakeslee asks that the lodestar be increased to account for two factors. His first requested basis is "the risk of non-payment", which is to say the contingent nature of the fee his attorneys charged. [Docket 387 at 18.] His proposed enhancement is prohibited by law. Burlington v. Dague, 505 U.S. 557 (1992). As made clear in the Dague case, reversal is required when a district court enhances the lodestar amount based upon the contingent nature of the fee charged, because "enhancement for contingency is not permitted". Id.; Perdue v. Kenny A., 559 US 542 (2010).

Second, Blakeslee asks that the court enhance the lodestar amount to account for the "extraordinary outlay of expenses and significant delay in recovering those expenses". [Docket 387 at 18.] However, Blakeslee does not even attempt to meet his burden in substantiating his request. His request must therefore be denied.

"The burden of proving that an enhancement is necessary must be borne by the fee applicant." Perdue v. Kenny A., 559 US 542 (2010). When asked to enhance a fee above

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **4** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK 99501
Phone 907.561.1214

the lodestar amount on the basis that an "attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted", the court is obligated to recognize that "when an attorney agrees to represent a civil rights plaintiff who cannot afford to pay the attorney, the attorney presumably understands that no reimbursement is likely to be received until the successful resolution of the case, [ ] and therefore enhancements to compensate for delay in reimbursement for expenses must be reserved for unusual cases." Id. (internal citation omitted).  Further, where such expenses are recoverable, "the amount of the enhancement must be calculated using a method that is reasonable, objective, and capable of being reviewed on appeal, such as by applying a standard rate of interest to the qualifying outlays of expenses". Id.

Where such expenses are not recoverable, but are built into the attorney's overhead, "compensation for this delay is generally made "either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value". Id.; quoting Missouri v. Jenkins, 491 U. S. 274, 282 (1989).  In other words, in all but the most exceptional cases, the fee awarded under the Lodestar method accounts for this factor when it is based upon the current market rates (as opposed to prevailing rates at earlier times in the litigation) and not by enhancing those rates. Id.  Blakeslee's request is without merit and must be denied.

**D.   The Requested Rates Are Excessive.**

The hourly rates sought for counsel in this case are excessive.  Mr. Singer, for

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **5** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK  99501
Phone 907.561.1214

example, asks the court to compensate his services at the rate of $450 per hour. According to attorney Tom Daniel, an attorney with "Mr. Singer's experience would have a billable rate in the range of $275 to $325 per hour". [Daniel Affidavit.] Mr. Fisher, who performs similar work and has considerably more experience than Mr. Singer, corroborates this range when he testifies that he, himself, charges $335 per hour. [Fisher Affidavit.] By comparison, Mr. Singer's partner Sarah Josephson, whose practice focuses on employment litigation and who was admitted to practice two years before Mr. Singer, actually charges clients $210 - $225 per hour for litigating in the District of Alaska. [Josephson Affidavits 1, 2, 3; Exhibit 2.] Similarly, Russell Pritchett receives $250 per hour when litigating in this court. [Pritchett Declaration.] Others who have recently litigated in this court, and who have experience rivaling that of Mr. Trickey, confirm the disparity. Attorney Manning, who has been litigating in Anchorage for 29 years, is compensated at the rate of $225 to $235 per hour. [Manning Declarations 1, 2; see Exhibit 3.] Bruce Gagnon is compensated at $350 per hour, while Pat Gilmore and Robert Dickson each receive $300. [Gilmore Affidavit.] Their credentials are certainly comparable to that of Mr. Trickey. [Exhibit 1.] As well, Sarah Marsey, a third year associate, charges $165 per hour – substantially less than the amount requested by Blakeslee for associates with no experience. [Id.] A review of all fee requests filed in all civil litigation in this District that resulted in a judgment within the past year reveals that $350 per hour is at the top end of fees actually charged in this jurisdiction. [See Josephson Affidavits 1, 2, 3; Pritchett Declaration; Manning Declarations 1, 2; Gilmore

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **6** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK 99501
Phone 907.561.1214

Affidavit.] Blakeslee's requested rates should be adjusted downward accordingly.

Like the fees requested for counsel, the fee requested for paralegals is excessive. Although Ms. Josephson testifies that paralegals in plaintiff's counsel's firm normally charge $65 to $120 per hour for their services, Blakeslee seeks to recover $195 per hour for paralegal time here. [Josephson Affidavits 1, 2, 3.] At the same time, others in this jurisdiction are compensated in line with the rates that Blakeslee's attorneys seek in other litigation, and not the rate they seek here. Atkinson Conway charges $65-105 per hour for paralegals. [Gilmore Affidavit.] Mr. Manning charges $95-100 for paralegals. Blakeslee is entitled to the prevailing rate in this jurisdiction, and not any amount that is nearly double that rate.

**E.      Rule 82 Fees May Not Be Enhanced.**

Alaska's Civil Rule 82 embodies a policy that the prevailing party is only entitled to recover partial attorney's fees. <u>Municipality of Anchorage v. Gentile</u>, 922 P.2d 248, 263 (Alaska 1996). Rule 82 fees may be awarded in lieu of, but not in addition to, fees awarded under other authority. <u>Cowan v. Yeisley</u>, 255 P.3d 966 (Alaska 2011).

When Applying Rule 82 in the context of a monetary judgment, courts "shall adhere to" the schedule set forth in Section (b)(1) of the Rule, unless the court determines that a variation is warranted under Section (b)(3). [Ak.R.Civ.P. 82.] Although Blakeslee asserts that he is entitled to an enhancement to 50% of any judgment amount as attorney fees, he nowhere articulates how any of the factors listed in Section (b)(3) would apply to

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **7** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK  99501
Phone 907.561.1214

this case. [Docket 387 at 20-21.] In the event that Rule 82 is found to apply to this litigation, there is no basis for varying the award set forth in Rule 82(b)(1), and the court should adhere to the standard schedule in such a situation.

F.  **Blakeslee Is Not Entitled To Costs Beyond Those Taxed By The Clerk.**

Blakeslee asserts that he is entitled to recover for expenses for such things as the fees he paid to experts, parking expenses incurred in Anchorage, meals during trial, and introductory textbooks on how to handle claims such as he was prosecuting. He is wrong.

The only authority that Blakeslee cites for support of his claim for additional expenses is the case of U.S. ex. rel. Maxwell v. Kerr-McGee Oil & Gas Co., 793 F.Supp.2d 1260, 1267 (D.Colo. 2011). That case recognized that the provision in 31 USC § 3730(d)(2) permitting the recovery of "reasonable expenses" in addition to "costs" must be meant to authorize exactly what it says. Here, however, 31 USC § 3730(d)(2) has no relevance. To the contrary, to the extent that Blakeslee ultimately prevails on his False Claims Act claim, this case is governed by 31 USC § 3730(h)(2), which provides only for the recovery of "costs", and makes no provision for the recovery of other "expenses".[1] Consequently, the costs allowed in Section 3730(h) are limited to the costs

---

[1] "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16 (1983).

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **8** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK 99501
Phone 907.561.1214

that are recoverable under 28 USC § 1920.[2]  Neal v. Honeywell, Inc., 191 F.3d 827 (7th Cir. 1999).  The clerk has already taxed costs in accordance with 28 USC § 1920.  There is nothing more that this court can permissibly tax.[3]  Id.

Even if the court was inclined to award non-taxable costs as attorney fees, there is no basis for doing so here.  Reasonable attorney fees under a fee shifting statute include non-taxable costs "only when it is the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates."  Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006).  Blakeslee has neither argued nor established that that is the case here.  If he had requested an award on that basis, it would therefore have to be denied.

## CONCLUSION

If Blakeslee ultimately prevails on his False Claims Act claim, he will be entitled to a reasonable fee based upon the reasonable rates charged in this jurisdiction and a reasonable amount of time that was necessarily devoted to this case.  In such an event, this court should award exactly that, and reject his outrageous request for far more than he is entitled to receive.

---

[2]  Section 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority."  W.Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 86, (1991); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440, (1987) (Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party").

[3]  If the court is inclined to consider taxing Blakeslee's expenses over and above the costs allowed by 28 USC § 1920, Shaw incorporates here its objections to Blakeslee's costs as stated in Docket 403.

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **9** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK 99501
Phone 907.561.1214

DATED this 7th day of June, 2013.

*/s/ Douglas S. Parker*
Douglas S. Parker, Alaska Bar No. 8311168

*/s/ Sean Halloran*
Sean Halloran, Alaska Bar No. 9211080
Littler Mendelson, P.C.

Attorneys for Defendant
Shaw Environmental and Infrastructure, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2013, I caused a true and correct copy of the foregoing document to be served on:

Howard S. Trickey
Matthew Singer
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

By ☐ Hand   ☐ Mail   ☐ Fax
☒ Court's ECF filing system

*/s/ Nancy Murphy Kruse*
Nancy Murphy Kruse
Legal Assistant

OPPOSITION TO MOTION FOR ATTORNEY'S FEES
Blakeslee v. Shaw – 3:09-cv-00214-SLG
Page **10** of **10**

Littler Mendelson, P.C.
310 K Street, Suite 400
Anchorage, AK 99501
Phone 907.561.1214